UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | |
| Plaintiff, | ECF Case |
| -against- | No. 16-cv-7804 (ALC) |
| YAHOO! INC., | **ANSWER** |
| Defendant. | |

Defendant Yahoo! Inc. ("Yahoo"), by and through its attorneys, Winston & Strawn LLP, hereby answers the Complaint by Plaintiff Christopher Sadowski as follows:

1. To the extent Paragraph 1 is intended to summarize the allegations set forth in the Complaint, the allegations are improper and require no response. In addition, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the alleged wrongful activity. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore, denies the same.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the alleged wrongful activity. Yahoo admits that this Court may exercise subject matter jurisdiction over Plaintiff's claims.

3. Yahoo admits that it has an office in New York. The remaining allegations in Paragraph 3 are legal conclusions to which no response is required.

4. Paragraph 4 contains legal conclusions to which no response is required.

5. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, denies the same.

6. Responding to Paragraph 6, Yahoo admits that it is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 229 West 43 Street, New York, New York 10036. Yahoo further admits that it owns and operates a website at the URL: http://www.yahoo.com.

7. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, denies the same.

8. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, denies the same.

9. Yahoo denies the allegations of Paragraph 9.

10. Yahoo admits that the article was written by an editor and ran on or about January 7, 2015 at the URL identified in paragraph 10 of the Complaint. Yahoo states that the article attached to the Complaint as Exhibit B speaks for itself, and to the extent a response is required, Yahoo respectfully refers the court to the Exhibit. Yahoo otherwise denies any characterization of, or commentary about, the Exhibit.

11. Responding to Paragraph 11, Yahoo admits that it did not license the photograph, but denies Paragraph 11 to the extent it assumes that Yahoo required permission or consent in order to publish the photograph.

12. Yahoo restates, realleges, and incorporates by reference its responses to all foregoing paragraphs of the Complaint as if fully set forth herein.

13. Responding to Paragraph 13, Yahoo denies that it infringed Plaintiff's alleged copyright.  Yahoo further denies Paragraph 13 to the extent it assumes that Yahoo required permission or consent in order to publish the photograph.  Yahoo denies the remaining allegations of Paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the allegations of Paragraph 14.

15. Yahoo denies the allegations of Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the allegations of Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the allegations of Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the allegations of Paragraph 18.

19. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Yahoo denies the allegations of Paragraph 19.

## PLAINTIFF'S PRAYER FOR RELIEF

Yahoo denies any allegations contained in Plaintiff's Prayer for Relief and specifically denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Yahoo asserts the following affirmative defenses; by asserting the following defenses, Yahoo does not concede or admit that it has the burden of proof or persuasion on any such defense. Yahoo specifically reserves and does not waive any and all additional, separate, or other affirmative defenses that it may have, or which may be revealed by further investigation in this matter.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

3. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

4. Plaintiff's claims for statutory damages are barred in whole or in part because Yahoo did not act with the requisite degree of intent or fault.

5. Plaintiff's claims are barred for a lack of subject matter jurisdiction because he lacks a valid copyright registration for the intellectual property rights asserted, or has not properly or timely registered his works.

6. Plaintiff's claims are barred by the doctrine of laches.

7. Plaintiff's claims are barred by estoppel.

8. Plaintiff's claims are barred by waiver.

9. Plaintiff's alleged copyrights are invalid and/or unenforceable.

10. Plaintiff's claims are barred, in whole or in part, because Yahoo's conduct was in good faith and with non-willful intent at all times.

11. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

12. Plaintiff's claims are barred to the extent that Yahoo's actions and speech are protected by the First Amendment of the U.S. Constitution.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**WHEREFORE**, Defendant Yahoo! Inc. respectfully requests that the Complaint be dismissed in its entirety with prejudice, Yahoo be awarded its costs and attorney's fees in this action, and the Court order such other relief as the Court deems just and proper.

New York, New York  
Dated:  December 5, 2016

By:   /s/ Thomas Patrick Lane  
      Thomas Patrick Lane  
      WINSTON & STRAWN LLP  
      200 Park Avenue  
      New York, NY 10166  
      Tel.: (212) 294-6700  
      Fax: (212) 294-4700  
      tlane@winston.com

*Attorney for Defendant Yahoo! Inc.*